**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**AARON K. MARSH,**

    **Plaintiff,**

**vs.**                                                  **CASE NO. 4:05CV12-MMP/AK**

**MICHAEL MOORE,**

    **Defendants.**

                                               /

**SECOND REPORT AND RECOMMENDATION**

On July 27, 2005, the undersigned recommended that this cause be dismissed as barred by the four year statute of limitations.[1]  (Doc. 9).  This recommendation was based on attachments to the complaint which showed that Plaintiff was advised by letters dated September 14 and 17, 1999, that the $100 gratuity check, usually given to newly released inmates, was not going to be given to him, and that he had waited to file his complaint until December 29, 2004.  Plaintiff objected to the report and recommendation on the ground that he was not allowed the use of law books, Westlaw, or the law library during the entire four year period.

---

[1]  Burton v. City of Bell Glade, 178 F.3d 1175, 1188 (11th Cir. 1999).

This cause was remanded "for consideration of whether plaintiff's claims of lack of access to legal materials can be supported and whether it makes a difference in this case." (Doc. 15).  The undersigned is of the opinion that it makes no difference whether or not he had access to legal materials.  Even if Plaintiff could prove that he was denied total access to case law, law books, and a law library, it would not toll the running of the limitations period since legal support is not required, indeed it is expressly discouraged, in filing pro se complaints.  The Clerk's office routinely accepts handwritten complaints on any type of paper without memoranda, legal citation or any other type of legal support.  Local Rule 5.1(J)(2) requires that pro se filings be on the proper forms and warns that such complaints will not be "considered" until they are on the proper forms, but regardless of how these complaints arrive they are filed for purposes of tolling the running of the statute of limitations.  Further, instructions that accompany pro se complaint forms clearly direct that pro se filers should "not make legal arguments or provide case citations" when filing their complaints.

Thus, the undersigned resubmits the original recommendation that the cause be dismissed as barred by the statute of limitations on the present state of the record. Equitable tolling of the statute of limitations in Florida has been applied when the Plaintiff has been misled or lulled into action, has in some extraordinary way been prevented from asserting his rights or has timely asserted his rights, but in the wrong forum.  Department of Corrections v. Chesnut, 894 So.2d 276 (1st D.C.A. 2005); Williams v. Albertson's Inc., 879 So.2d 657, 659 (5th D.C.A. 2004); and Machules v. Department of Administration, 523 So.2d 1132 (Fla. 1988).  Since Plaintiff has asserted

**No. 4:05cv12-mmp/ak**

none of these circumstances as explanation for his untimely complaint, and the explanation provided, that he was unable to conduct legal research, is unnecessary to the filing of a *pro se* complaint, the undersigned is of the opinion that no equitable tolling is warranted.

It is, therefore, respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as barred by the statute of limitations.

**IN CHAMBERS** at Gainesville, Florida, this **4th** day of October, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:05cv12-mmp/ak**