IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


AARON K MARSH,

      Plaintiff,

v.                                   CASE NO. 4:05-cv-00012-MP-AK

MICHAEL W MOORE, et al.,

      Defendants.

_____/

## **O R D E R**

In August of 1999, the plaintiff's criminal sentence expired and the State of Florida filed

a petition under Fla. Stat. Chapter 394 to have plaintiff civilly committed.  Due to the pending

civil commitment action, the Department of Corrections declined to pay plaintiff the $100

gratuity check usually given to inmates as they are released.  Over five years passed, and the

plaintiff eventually filed a complaint in this case in December of 2004, challenging the

withholding of the gratuity check.

In the first Report and Recommendation, the Magistrate Judge correctly noted that the

statute of limitations on plaintiff's claims was 4 years from the date he knew of the denial of his

gratuity check.  The Magistrate Judge thus concluded that this case is barred by the statute of

limitations.  In his objections to that Report and Recommendation, however, the plaintiff

asserted the following:

> On July 23, 2003, before the four years statute of limitation ran out, the Plaintiff
> was place[d] in confinement at the State's Florida Civil Commitment Center, for
> alleged felony battery, without access to [a] law library, law books, persons
> trained in the law, depriving him adequate access to the courts where he could not
> research or cite to any Florida and Federal constitutions right or case laws to his
> claims in this civil action.  The Fla. Civil Commitment Center does not provide
> [a] law library.

Page 2 of 3

Based on these statements, the undersigned remanded the matter to the Magistrate Judge to determine if these claims could be supported and whether they made any difference in this case. The Magistrate Judge issued a second Report and Recommendation in which the Magistrate Judge correctly concluded that the lack of access to legal materials or to the law library was irrelevant to whether a plaintiff could file a pro se complaint, which are often received handwritten, and in which plaintiffs are actually instructed <u>not</u> to include legal research.

In his newest objections, however, the plaintiff has changed his story.  Rather than merely being denied access to law books, people trained in the law and the law library, he now asserts that he was denied access to even pens, pencils and writing materials, by prison officials who intended to deprive him of access to the court, in retaliation for his previously filed complaints.  Specifically, for the first time in doc. 17, plaintiff asserts the following:

> Plaintiff was attempting to file this civil action, but on July 23, 2003, before the four years statute of limitation ran out, Plaintiff was place in confinement at the Florida Civil Commitment Center, and his legal materials (writing papers, pen, law books, etc.)  by staff members (who are defendants in Plaintiff's other civil action) that prejudice him from preparing this complaint within the statute of limitations....Before Plaintiff was place in confinement on July 23, 2003, to January 16, 2004, he had pending law suits against the defendants at the Fla. Civil Commit. Center in the U.S. Middle District Court of Fla...and the defendants (staff member) confiscated Plaintiff's legal materials by retaliation for filing the law suits against them.

If true, these would be very serious allegations, but the fact that Plaintiff failed to recall these events at the time he filed his first objections casts doubt on their veracity.  Accordingly,  the Court directs the plaintiff to file an affidavit, under oath and under penalty of perjury, that details exactly which staff members confiscated exactly which legal and writing materials, on what date, and in what manner.  Additionally, plaintiff shall include in the affidavit what proof he has that

such confiscation was in retaliation for prior law suits.  This affidavit shall be filed with the

Court by Monday, January 30, 2006, and failure to provide said affidavit will be grounds for

dismissal of this suit with prejudice.  The Court will suspend ruling on the second Report and

Recommendation  until after the affidavit is received or the time for filing it has passed.

**DONE AND ORDERED** this   *4th* day of January, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge